## PETWAY v. DOBSON et al.
### No. 150 Civil.

District Court, M. D. Tennessee,
Nashville Division.

Aug. 3, 1942.

For former opinion, see 43 F.Supp. 277.

Harry Nelson, Jr., Harry G. Nichol, and Lewis C. Payne, all of Nashville, Tenn., for plaintiff.

William P. Cooper, of Nashville, Tenn., for defendants.

DAVIES, District Judge.

This cause was further heard upon application of the defendant for additional and amended findings of fact and conclusions of law, and upon consideration thereof the Court having read the transcript of the evidence introduced at the trial of the cause, is of the opinion that it was in error in making the finding of fact that the plaintiff unloaded freight cars of shipments in interstate commerce, some of which contained basic materials which were made into fertilizer by defendants and shipped in interstate commerce, which fertilizer he helped load in the cars for interstate shipment.

The Court now finds that the true facts as disclosed by the record are that the plaintiff did unload freight cars of shipments in interstate commerce, some of which contained basic materials, or what is known as basic slag, that is used for fertilizer;

however, the Court finds that these materials were not manufactured into fertilizer by defendants and afterwards shipped in interstate commerce and that the plaintiff did not help load any such materials or any other materials into cars for interstate shipment. The plaintiff also helped unload cars of wire fence shipped in interstate commerce but those only amounted to about four each year.

The Court further finds that the time spent by plaintiff in unloading freight cars containing basic slag and other interstate shipments required only a small part of his time and did not exceed twenty per cent of the number of hours worked in a work week by the employees of the defendant who were engaged in commerce as defined by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

### Conclusions.

Upon the findings of fact as amended the Court is still of the opinion that the defendant is not a retail establishment such as to be entitled to the exemption provided for in Section 13(a) (2) of the Act; however, it appearing that the duties performed by the plaintiff in the main consisted of performing work immediately incidental to the making of retail sales, the greater part of which were in intrastate commerce, such as wrapping packages for customers, weighing out seeds in small lots, delivering bundles of retail purchases to customer's automobiles in front of the store, putting out bags of display seeds on the sidewalk to attract customers and other like services relative to the retail part of defendant's business, and that the amount of time required of plaintiff in performing duties of an interstate character, such as sweeping out the office where the interstate business was carried on, and unloading cars was negligible, the Court is of the opinion that the plaintiff was an employee engaged in a bona fide local retailing capacity and as such, is specifically exempted by Section 13(a) (1) of the Act, from the provisions of Sections 6 and 7 thereof. This exemption applies to this particular type of employee irrespective of the character of defendants business as a whole and even though the larger number of defendant's employees may be engaged in commerce as defined by the Act.

This particular phase of the case was not called to the attention of the Court upon the trial of the cause, but the facts supporting this conclusion were in evidence and the Court is empowered to correct its judgment upon the matter being called to its attention by proper petition.

The judgment heretofore entered in this cause in favor of the plaintiff will be vacated and set aside and judgment will be entered for the defendant.